UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHADIJAH GHAFUR,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　Respondent. | Case No.: 1:13-cv-01282-JLT<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS AND/OR NOT BEING "IN CUSTODY"<br><br>ORDER REQUIRING PETITIONER TO FILE MOTION TO NAME PROPER RESPONDENT<br><br>ORDER DIRECTING THAT RESPONSE BE FILED WITHIN THIRTY DAYS |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on July 18, 2013.[1] A preliminary review of the petition,

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

1

however, reveals that the Court may lack jurisdiction over this matter and that the petition may be untimely.

## DISCUSSION

A.  The "In Custody" Requirement.

Pursuant to 28 U.S.C. § 2254(a), "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  (Emphasis supplied). This "in custody" requirement has been interpreted to mean that federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is "under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-491, 109 S.Ct. 1923 (1989)(per curiam); Resendiz v. Kovensky, 416 F.3d 952, 955 (9th Cir. 2005).

It is well-established that "once the sentence imposed for a conviction has completely expired, the collateral consequences of the conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.  Maleng, 490 U.S. at 492; Feldman v. Perrill, 902 F.2d 1445 (9th Cir. 1990).  Thus, when a petitioner completes his or her sentence before the habeas petition is filed, the issue becomes one of whether the conviction and sentence has merely collateral consequences–themselves insufficient to establish the "in custody" requirement–or whether the conviction and sentence impose a "restraint on liberty." Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir. 1998).  For example, a sentence of fourteen hours of attendance at an alcohol rehabilitation program renders someone "in custody." Dow v. Circuit Court of the First Circuit, 995 F.2d 922, 923 (9th Cir. 1993).  Similarly, a convict released on his own recognizance pending execution of his sentence is "in custody" because he is obligated to appear at times and places ordered by the court. Hensley v. Municipal Court, 411 U.S. 345, 351, 93 S.Ct. 1571 (1973).  Also, a parolee is "in custody"

---

The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003).  Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the instant petition on July 18, 2013.  (Doc. 1, Ex. 1, pp. 21; 23).

because, "[w]hile petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom." Jones, 371 U.S. at 243. See Barry v. Bergen County Probation Department, 128 F.3d 152, 161 (3d Cir. 1997)(sentence of 500 hours community service placed petitioner "in custody"). However, fines or restitution are simply "collateral consequences" and are insufficient to render someone "in custody." Williamson, 151 F.3d at 1183.

The "in custody" requirement is jurisdictional for a federal habeas court. Baily v. Hill, 599 F.3d 976, 978 (9th Cir. 2010). In Baily, the Ninth Circuit observed that the "in custody" requirement of federal habeas law has two aspects. First, the petitioner must be "under the conviction or sentence under attack at the time his petition is filed." Baily, 599 F.3d at 978-979, *quoting* Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir. 2005). For this aspect of "in custody," actual physical custody is not indispensable to confer jurisdiction; rather, the court will have habeas jurisdiction if a sufficient "restraint on liberty," as opposed to a mere "collateral consequence of a conviction," exists. Id. at 979. In this case, Petitioner has acknowledged in her petition that she was not in actual physical custody of Respondent at the time she filed the instant petition. If Petitioner was on parole at that time, the "in custody" requirement would be satisfied. However, if Petitioner had completed both her sentence and any term of parole prior to filing the instant petition, this Court lacks jurisdiction to consider her petition. In her response to this Order to Show Cause, Petitioner SHALL provide information regarding her precise custodial status at the time of filing of the petition.

B. Preliminary Review of Petition.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate

notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42. By issuing this Order to Show Cause, the Court is affording Petitioner the notice required by the Ninth Circuit in Herbst.

    C.    <u>Limitation Period For Filing Petition For Writ Of Habeas Corpus</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on July 18, 2013, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the Petitioner was convicted on June 30, 2006 of six counts of grand theft, five counts of misappropriating public money, and two counts of tax evasion. (Doc. 1, Ex. 18, pp. 4-

5). Petitioner was sentenced to a determinate term of 14 years. (Doc. 1, p. 2). In her direct appeal of those convictions, Petitioner filed a petition for review that was denied by the California Supreme Court on August 5, 2008, in case no. S163821.[2] Thus, direct review would have concluded on November 4, 2008, when the ninety day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would then have had 365 days from the following day, November 5, 2008, or until November 4, 2009, absent applicable tolling, within which to file her federal petition for writ of habeas corpus. As mentioned, the instant petition was not filed until July 18, 2013, almost four years after the one-year period expired. Therefore, unless Petitioner is entitled to either statutory tolling or equitable tolling, the petition is untimely and should be dismissed.

  D. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curiam)(internal quotation marks and citations

---

[2] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice. This Court has accessed that internet website to ascertain the precise dates that Petitioner filed her direct appeal and any state habeas petitions filed in either the California Court of Appeal or the California Supreme Court.

1  omitted); see Evans v. Chavis, 546 U.S. 189, 193-194 (2006); see Carey v. Saffold, 536 U.S. 214,
2  220, 222-226 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).
3         Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed.
4  For example, no statutory tolling is allowed for the period of time between finality of an appeal and
5  the filing of an application for post-conviction or other collateral review in state court, because no
6  state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007; Raspberry v.
7  Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006). Similarly, no statutory tolling is allowed for the
8  period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the
9  limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v.
10 Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059,
11 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to
12 statutory tolling where the limitation period has already run prior to filing a state habeas petition.
13 Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the
14 reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v.
15 White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling
16 when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165,
17 1166 (9th Cir. 2006).
18        Apart from her direct appeal, Petitioner has provided little information about her state habeas
19 proceedings, despite the fact that the form petition expressly provides space for such required
20 information. However, the Court, by accessing the California court system's electronic database, has
21 determined that Petitioner has filed the following state habeas petitions: (1) petition filed in the
22 California Court of Appeal, Fifth Appellate District ("5th DCA") in case no. F054746 on February 21,
23 2008 and denied on March 13, 2008; (2) petition filed in the California Supreme Court in case no.
24 S162686 on April 14, 2008 and denied on November 12, 2008; (3) petition filed in the Fresno County
25 Superior Court on unspecified date and denied on June 13, 2011; (4) petition filed in the 5th DCA in
26 case no. F063022 on August 10, 2011 and denied on September 9, 2011; (5) petition filed in the
27 Fresno Superior Court in case no. 12CRWR681055 on August 31, 2012 and denied on November 6,
28 2012; (6) petition filed in the California Supreme Court in case no. S200525 on March 1, 2012 and

1  denied on June 20, 2012; and (7) petition filed in the California Supreme Court in case no. S209778 on
2  April 4, 2013 and denied on June 26, 2013.
3       The Court will assume, for the sake of argument, that all of these petitions challenged the same
4  2006 conviction in the Fresno County Superior Court and that all were "properly filed" within the
5  meaning of the AEDPA for purposes of statutory tolling.  The first petition has no bearing upon the
6  running of the one-year period since it was filed and denied *before* the commencement of the one-year
7  period.   A tolling provision has no applicability where the period to be tolled has not commenced.
8  See Hill v. Keane, 984 F.Supp. 157, 159 (E.D.N.Y. 1997), *abrogated on other grounds*, Bennett v.
9  Artuz, 199 F.3d 116, 122 (2d Cir. 1999) (state collateral action filed before commencement of
10 limitations period does not toll limitation period), *affirmed*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d
11 213.  Here, the first state petition was filed on February 21, 2008 and denied on March 13, 2008,
12 approximately eight months before the one-year period commenced. Thus, the first state petition had
13 no tolling implications for Petitioner.
14      The second petition was filed on April 14, 2008 and remained pending until November 12,
15 2008.  As mentioned previously, the one-year period would have started on November 5, 2008;
16 however, the pendency of the second state petition would have delayed the start of the one-year period
17 until the second petition was denied on November 12, 2008, thus resulting in a delay in the start of the
18 limitation period of seven days.  Accordingly, the one-year period commenced on November 13, 2008
19 and would have ended, absent tolling, on November 12, 2009.
20      Petitioner has not provided information concerning any state habeas petitions she has filed;
21 however, the documents appended to her petition indicate that she filed her third petition in the Fresno
22 County Superior Court which was denied on June 13, 2011.  Unfortunately, no filing date is evident in
23 the record. Accordingly, the Court is unable to determine when any statutory tolling would have
24 commenced for this third petition. Obviously, if that third petition were filed after November 12,
25 2009, the date the one-year period would have expired, then the petition would be untimely since any
26 petitions filed after the expiration of the statute of limitations are irrelevant to the computation of
27 statutory tolling.  A petitioner is not entitled to tolling where the limitations period has already run
28 prior to filing a state habeas petition.  Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v.

7

1  Rice, 276 F.3d 478 (9th Cir. 2001); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.
2  2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit
3  the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v.
4  Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas
5  corpus filed after expiration of the one-year limitations period).  Given that the third petition was
6  dismissed by the Superior Court on June 13, 2011, Petitioner would have to establish either that this
7  third petition was filed prior to November 12, 2009, i.e., that it was pending in the Superior Court for
8  over one and one-half years, or that she filed other state habeas petitions during this same period that
9  would have entitled her to additional statutory tolling.  Otherwise, the lengthy period between the
10 denial of the second petition and the filing of the third petition would be fatal to Petitioner's case.

11         As mentioned, the four remaining state petitions were filed after the one-year period appeared
12 to have expired; accordingly, they have no bearing on the timeliness of the instant petition. Green v.
13 White, 223 F.3d at 1003.   Thus, unless Petitioner is entitled to equitable tolling, it appears that the
14 petition is untimely and should be dismissed.

15         E.    Equitable Tolling.

16         The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable
17 tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon
18 v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation period is subject to
19 equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to
20 file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal
21 quotation marks and citations omitted).  "When external forces, rather than a petitioner's lack of
22 diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations
23 may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a litigant
24 seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing
25 his rights diligently, and (2) that some extraordinary circumstance stood in his way."   Holland, 130
26 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold
27 necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule."
28

Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the record now before the Court, the Court sees no basis for such a claim. An untimely petition must be dismissed.  However, before dismissing the petition, the Court will afford Petitioner the opportunity to provide additional information regarding any other state habeas petitions she filed during the periods discussed above.  Particularly, Petitioner should focus on the time period from the denial of her second petition on November 12, 2008 until the filing of her third petition in the Fresno County Superior Court.  If more than 365 days intervened between those two events, without the benefit of further statutory tolling for properly filed state petitions, the petition will be deemed untimely under federal law and dismissed.

F. Failure To Name The Proper Respondent.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.  Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id.

Here, Petitioner has named as Respondent, the People of the State of California.  However, the People of the State of California is not the warden or chief officer of the institution where Petitioner is confined and, thus, does not have day-to-day control over Petitioner, nor is the named respondent the parole officer or official in charge of parole for Petitioner.  Petitioner has alleged that she has completed her prison term and has been "released from confinement." (Doc. 1, p. 2).  Under normal

9

circumstances, Petitioner would be required to serve a period of parole following her sentence. If that is the case and Petitioner is presently on parole, Petitioner should name as Respondent either the Director of the California Department of Corrections and Rehabilitations ("CDCR"), her parole officer, the director of her parole agency, or, if she is no longer on parole, either the director of CDCR or the Attorney General of California.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976). **However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as her parole officer, the director of CDCR, or the Attorney General of California**. See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same). In any amended petition, Petitioner must name a proper respondent.

**In the interests of judicial economy, Petitioner *need not* file an amended petition. Instead, Petitioner can satisfy this deficiency in his petition by filing a motion entitled "Motion to Amend the Petition to Name a Proper Respondent" wherein Petitioner may name the proper respondent in this action.**

As the foregoing discussion suggests, the Court does not have sufficient information to make a final determination regarding the timeliness of the petition and Petitioner's custodial status at the time of filing. Accordingly, in her response to the Order to Show Cause, Petitioner is required to provide the additional information indicated in this Order to Show Cause in order to permit this Court to determine whether the petition is timely and whether the Court has jurisdiction to proceed.

## ORDER

For the foregoing reasons, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for violation of the one-

year statute of limitations in 28 U.S.C. § 2244(d) and for failure to satisfy the "in custody" requirement for habeas jurisdiction;

2. Petitioner is ORDERED to file a motion to amend the petition to name a proper respondent within thirty days of the date of service of this order.

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **August 16, 2013**                              **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE