UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHADIJAH GHAFUR,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>LARRY PERKINS, et al.,<br><br>　　　　Respondents. | Case No.: 1:13-cv-01282-AWI-JLT<br><br>FINDINGS AND RECOMMENDATIONS RE: RESPONDENT'S MOTION TO DISMISS (Doc. 20)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY-ONE DAYS |

　　　　Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

　　　　The instant petition was filed on July 18, 2013 in the United States District Court for the Central District of California.[1] (Doc. 1). On August 14, 2013, the case was transferred to this Court.

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing

1

(Doc. 6). On August 16, 2013, after a preliminary review of the petition revealed that the petition may be untimely and should therefore be dismissed, the Court issued an Order to Show Cause why the petition should not be dismissed as untimely. (Doc. 9). The Order to Show Cause gave Petitioner thirty days within which to respond. On September 11, 2013, Petitioner filed her response, contending actual innocence as an exception to the one-year limitation period and also contending that the evidence establishing her actual innocence was discovered at a point that would have made the petition timely under 28 U.S.C. § 2244. (Doc. 13). Because Petitioner's response made reference to evidence not then before the Court, the Court could not make a final determination regarding timeliness until the state court record had been lodged with the Court for its review. Therefore, on September 12, 2013, the Court ordered Respondent to file an answer to the petition. (Doc. 14). On December 11, 2013, Respondent filed the instant motion to dismiss, contending that the petition is untimely and that it should be dismissed as a successive petition. (Doc. 20). On December 26, 2013, Petitioner filed her opposition to the motion to dismiss (Doc. 21), and on January 7, 2014, Respondent filed a reply. (Doc. 22).

## DISCUSSION

A. Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a Motion to Dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1) and as successive. Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state

---

date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the instant petition on July 18, 2013. (Doc. 1, pt. 1, p. 23).

procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one year limitation period and the statutory bar on successive petitions.  Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

B.  Successive Petitions.

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1).  The Court must also dismiss a second or successive petition raising a *new ground* unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right, or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements that allow a petitioner to file a second or successive petition, but rather the Ninth Circuit.  Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."   In other words, Petitioner must obtain leave from the Ninth Circuit before she can file a second or successive petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition.  Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997);  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism

and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997).  Respondent's motion to dismiss points out that Petitioner has previously filed two separate federal habeas corpus actions in this Court attacking the same conviction that is the subject of the instant petition.  (Doc. 20, pp. 3-4).  Those actions are (1) case no. 1:08-cv-01502-OWW-JMD, and (2) case no. 1:12-cv-01460-GSA.  The former was denied on its merits and the latter was dismissed as successive.  Petitioner makes no showing that she has obtained leave from the Ninth Circuit to file this successive petition attacking her conviction.  That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under § 2254 and must dismiss the petition.  <u>See</u> <u>Greenawalt</u>, 105 F.3d at 1277; <u>Nunez</u>, 96 F.3d at 991.  If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, <u>she must first file for leave to do so with the Ninth Circuit</u>.  <u>See</u> 28 U.S.C. § 2244 (b)(3).

In her opposition to the motion to dismiss, Petitioner argues that she could not have presented some of the claims in the instant petition in earlier petitions because of ineffective assistance of former counsel and that, had such "new" evidence been presented earlier, it would have supported a claim of actual innocence.  (Doc. 21, pp. 2-3).  As Respondent correctly points out in the Reply, the language of § 2244(b)(2) is quite explicit in prohibiting the district court from considering successive petitions raising new claims unless prior approval of the Ninth Circuit has been obtained.  If Petitioner wishes to argue that ineffective assistance of former counsel prevented her from raising her claims in prior habeas proceedings and that sufficient evidence exists to satisfy the "actual innocence" standard, those are arguments she must bring to the Ninth Circuit, not this Court.  In the absence of Ninth Circuit permission, this Court lacks jurisdiction to consider a successive petition.  Accordingly, the petition must be dismissed for lack of jurisdiction.[2]

### **RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss (Doc. 20), be

---

[2] Because it is clear that the petition is successive and must be dismissed, the Court need not address Respondent's claim that the petition is untimely or Petitioner's response that she is actually innocent.  In any event, the record is insufficient to make any determination on whether Petitioner's "newly discovered" evidence meets the actual innocence standard. Petitioner also makes her actual innocence claim in arguing that this Court should consider her successive petition. However, as mentioned above, this Court has no jurisdiction to consider any successive petition unless and until the Ninth Circuit grants her permission to proceed.  Accordingly, Petitioner can raise actual innocence and any other contentions she believes justify a successive petition with the appropriate court, i.e., the Ninth Circuit.

**GRANTED** and the habeas corpus petition be **DISMISSED** as a successive petition.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within twenty-one (21) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 16, 2014**            **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE