# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KHADIHA GHAFUR,** <br><br> Petitioner <br><br> v. <br><br> **PEOPLE OF THE STATE OF CALIFORNIA, et al.,** <br><br> Respondents | CASE NO. 1:13-CV-1282 AWI JLT (HC) <br><br> **ORDER ON RULE 60(b) MOTION** <br><br> (Doc. No. 27) |

On January 16, 2014, the Magistrate Judge issued a Findings and Recommendation ("F&R") that recommended denying Petitioner's 28 U.S.C. § 2254 petition. See Doc. No. 23. The F&R recommended a denial because Petitioner had previously filed a § 2254 petition, and she had not received permission from the Ninth Circuit Court of Appeals to file a successive petition. See id.

On April 4, 2014, after no objections to the F&R had been filed, the Court adopted the F&R and dismissed Petitioner's petition. See Doc. NO. 25. Judgment was entered the same day. See Doc. No. 26.

On February 2, 2015, Petitioner filed this Rule 60(b) motion that challenged the denial of her § 2254 petition.[1]  See Doc. No. 27.  For unknown reasons, Petitioner improperly filed this motion with the Central District of California, which then transferred the motion to this Court. See Doc. No. 27-1.  In her Rule 60(b) motion, Petitioner contends that she received ineffective assistance of counsel because counsel did not introduce exculpatory evidence and witnesses. See

---

[1] The Court notes that Petitioner does not indicate which subsection of Rule 60(b) she is attempting to invoke.

1    id.  Petitioner contends that she was erroneously denied the opportunity to file a successive
2    petition due to the "July 31, 2014 order."  Id.  Petitioner argues that cases from state courts in
3    Pennsylvania and New Jersey render reliance 28 U.S.C. § 2244(b)(2) improper.  See id.  Petitioner
4    contends that an evidentiary hearing regarding her trial counsel's failure to call alibi witnesses is
5    necessary.  See id.

   *Discussion*

7         It is not clear that Petitioner is even attempting to obtain relief from the April 4, 2014 order
8    and judgment in this Court.  In her Rule 60(b) motion, Plaintiff references a July 31, 2014 order
9    that denied her the right to file a successive petition.  There is no such order in this Court's docket.
10   Petitioner's reference to a July 31, 2014 order and her description of that order suggests that
11   Plaintiff may have filed a request with the Ninth Circuit Court of Appeals to file a successive
12   petition.  If Petitioner's Rule 60(b) motion relates to an order by the Ninth Circuit, then her Rule
13   60(b) motion should not have been filed with either the Central District or this Court; it should
14   have been directed to the Ninth Circuit.  As lower courts, federal district courts have no authority
15   over federal circuit courts.  To the extent that Petitioner's Rule 60(b) motion relates to an order of
16   the Ninth Circuit, this Court could not grant Petitioner relief.

17        Assuming that Petitioner is seeking relief from this Court's April 4, 2014 order and
18   judgment, relief is improper.  28 U.S.C. § 2244(b) limits the ability of a federal habeas corpus
19   petitioner to file successive habeas corpus petitions, unless certain narrow requirements are met.
20   Jones v. Ryan, 733 F.3d 825, 834 (9th Cir. 2013).  A petitioner seeking to meet § 2244(b)'s
21   requirements for a success petition must do so with the appropriate Circuit Court of Appeals, and
22   receive certification to proceed with a successive petition from that Circuit Court of Appeals.  See
23   28 U.S.C. § 2244(b); Gonzalez v. Crosby, 545 U.S. 524, 528 (2005).  Because of § 2244(b)'s
24   stringent standards, habeas petitioners sometimes attempt to disguise a successive § 2254 petition
25   as a Rule 60(b) motion.  See Jones, 733 F.3d at 834.  A legitimate Rule 60(b) motion will attack a
26   "'defect in the integrity of the federal habeas proceedings,' while a second federal habeas corpus
27   petition 'is a filing that contains one or more 'claims,'' defined as 'asserted federal bases for relief
28   from a state court's judgement of conviction.'"  Id. (quoting Gonzalez, 545 U.S. at 530, 532).

Essentially, "a motion that does not challenge the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably, is raising a 'claim' that takes it outside the purview of Rule 60(b)." United States v. Washington, 653 F.3d 1057, 1063 (9th Cir. 2011). Here, Petitioner generally disagrees with the Court's prior reliance on § 2244(b), and argues that she received ineffective assistance of counsel because counsel did not introduce exculpatory witnesses and evidence, including an alibi witness. These are "claims" for purposes of § 2244(b). See Jones, 733 F.3d at 834; Washington, 653 F.3d at 1063. Therefore, Petitioner's Rule 60(b) motion a disguised successive § 2254 petition.

There is no indication that Petitioner received certification from the Ninth Circuit to file the Rule 60(b) motion in this Court. Without certification from the Ninth Circuit, this Court is without jurisdiction and will deny Petitioner's Rule 60(b) motion as an unauthorized, disguised, successive § 2254 petition. See Washington, 653 F.3d at 1065; Allen v. Ornoski, 435 F.3d 946, 958 (9th Cir. 2006).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner Rule 60(b) (Doc. No. 27) is DENIED.

IT IS SO ORDERED.

Dated:   September 10, 2015                              _____
                                                        SENIOR DISTRICT JUDGE